UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROY L. SMARTT,

        Plaintiff,

v.                                                   Case No:  6:17-cv-53-Orl-18GJK

UNITED STATES AIR FORCE
REGULATION 39-17(e),

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** January 11, 2017
>
> THEREON it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED** with leave to amend.

### FACTUAL BACKGROUND

On January 11, 2017, Plaintiff, proceeding *pro se*, filed a complaint (the "Complaint") challenging the constitutionality of Air Force Regulation 39-17(A)(2)(e) (the "Regulation"). Doc. No. 1; Doc. No. 1-1 at 5. According to an exhibit attached to the Complaint, the Regulation "outlines the conditions and procedures for the discharge of airmen…because of unfitness for further retention in the military service." Doc. No. 1-1 at 5. The Regulation states:

> e. *Discharge Authority*. The commander exercising general court-martial jurisdiction, who is authorized to personally finalize cases


U.S. DISTRICT JUDGE
KENDALL

> under this Regulation, except that he may designate his deputy and/or vice commander to personally finalize cases under this Regulation which do not involve the approval and issuance of an Undesirable Discharge.

Doc. No. 1-1 at 5-6.

In the Complaint, Plaintiff presents both facial and as-applied constitutional challenges to the Regulation. Doc. No. 1 at 2-3. For purposes of this matter, the undersigned accepts the following facts alleged in the Complaint as true. Plaintiff served in the United States Air Force from November 1952 through October 1953, when his service was terminated by "other than honorable discharge". Doc No. 1 at 1; Doc. No. 1-1 at 1. Plaintiff has been wrongfully discharged and for over sixty years tried to find the reason for his discharge. Doc. No. 1 at 2. Plaintiff alleges the Regulation violates his constitutional rights because it empowers an air force commander to issue a final judgment (here being a determination of Plaintiff's discharge) without an avenue for appeal.[1] *Id.* at 2, 4. Plaintiff alleges that the Regulation violates his constitutional rights under the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 4. Plaintiff seeks compensation from the date of his discharge. *Id.* at 3.

On January 11, 2017, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. No. 2. On February 10, 2017, Plaintiff filed a notice to the Clerk stating that he does not intend to bring suit against the United States Air Force. Doc. Nos. 7, 7-1. Instead, Plaintiff states that he only seeks an opinion as to whether the Regulation is constitutional. *Id.*

---

[1] Plaintiff also alleges that the Regulation makes no provision for appointing counsel to aid an airman in defending against being discharged. Doc. No. 1 at 3.

## II.   STANDARD OF REVIEW

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court evaluates the plaintiff's financial status and determines whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, the Court must review the complaint and dismiss such complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).[2] The Court must also dismiss the complaint if it determines that it has no subject matter jurisdiction over the claims asserted. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502, 126 S.Ct. 1235, 1237, 163 L.Ed.2d 1097 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety").When the Court reviews the complaint, it must be liberally construed. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but the Court has no obligation to rewrite a complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief can be granted. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## III.   ANALYSIS

### A. Indispensable Parties

A plaintiff's failure to join an indispensable party is a ground for dismissal of a complaint. Fed. R. Civ. P. 12(b)(7), 19(a)(1). "The ultimate test of whether [a defendant is an] indispensable part[y] ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable

---

[2] The statute governing proceedings *in forma pauperis* references actions instituted by prisoners, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

to plaintiff." *Diebel v. S.B. Trucking Co.*, 262 F.Supp.2d 1319, 1330 (M.D. Fla. 2003) (citing *Smith v. Health Ctr. of Lake City*, 252 F.Supp.2d 1336, 1339 n. 5 (M.D. Fla. 2003)).

The Court's decision in *Gleave v. Graham*, 954 F.Supp. 599 (W.D.N.Y. 1997) is instructive. In *Gleave*, the plaintiff was judicially confined to a private halfway house. *Id.* at 603. The halfway house's employees allegedly told him that if he failed to pay certain subsistence payments to the halfway house, he would be sent to prison. *Id.* After making the payments, Plaintiff challenged the employees' authority to collect such payments. *Id.* Defendants moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(7) and 19 because plaintiff did not join the Bureau of Prisons (the agency mandating such payments) as a party. *Id.* at 613. The court went on to hold:

> <u>Merely alleging a violation of regulations is not sufficient to require joinder of the agency that issued the regulations as a party, however, if the constitutionality of such regulations is challenged, then the regulation issuing agency must be joined...</u>
>
> In this case, <u>[plaintiff] has not specifically challenged the constitutionality of the regulations pursuant to which [defendants] collected the subsistence payments.</u> Rather, [plaintiff] has <u>challenged [defendant's] authority to collect such payments</u>, based on the fact that "[plaintiff] has not been able to find any policy statement issued by the Attorney General that relates to the payment of these fees"...<u>As [plaintiff] has not directly questioned the constitutionality of the regulations, joinder of the [Bureau of Prisons] as an indispensable party was not required, and, thus, [Plaintiff's] complaint may not be dismissed under Fed. R. Civ. P. 12(b)(7).</u>

*Gleave*, 954 F.Supp. at 613 (emphasis added). Thus, the Court found that if a plaintiff merely challenges an officer's authority under a particular agency's regulation, the issuing agency is not an indispensable party under Federal Rules of Civil Procedure 12(b)(7) and 19(a)(1). *Id.* However, if the plaintiff directly challenges the constitutionality of an agency's regulation, that agency must be joined in order to prevent dismissal. *Id.*

Here, Plaintiff directly challenges the constitutionality of the Regulation, arguing that it violates the Equal Protection Clause of the Fourteenth Amendment. Doc. No. 1 at 2. Yet, despite bringing both facial and as-applied constitutional challenges to the Regulation, Plaintiff states that he has no intention of bringing suit against the United States Air Force, the service branch that issued the Regulation. Doc. Nos. 7, 7-1. Plaintiff has not named the United States Air Force as a defendant. Doc. No. 1. Rather, Plaintiff lists the Regulation as the Defendant. *Id.* at 1. Thus, Plaintiff seeks to challenge the Regulation, but has failed to join an indispensable party. Accordingly, it is recommended that the Complaint be dismissed.

### B. Leave to Amend

A *pro se* plaintiff must ordinarily be given one chance to amend his or her complaint if a district court dismisses the complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a district court need not allow an amendment where such amendment would be futile. *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999)). After reviewing the Complaint, the Court does not find amendment to be futile. Based on the foregoing, the undersigned recommends that the Court grant Plaintiff leave to file an amended complaint.[3]

---

[3] The Eleventh Circuit has held that a military member can challenge an "other than honorable discharge" in federal court. *See Malloy v. U.S.*, 609 Fed. Appx. 626, 627 (11th Cir. 2015) (citing *Harmon v. Brucker*, 355 U.S. 579, 580–83, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958)). However, "[j]udicial review of an administrative decision to discharge a military officer is limited. When a branch of the armed forces has made a decision concerning who is or who is not fit to serve, that decision is generally entitled to great deference." *Doe v. U.S.*, 132 F.3d 1430, 1433-34 (Fed. Cir. 1997) (citations omitted). Such administrative decision "will be upheld unless it is 'arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law.'" *Id.* (citations omitted).

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 2) be **DENIED**; and

2. The Complaint (Doc. No. 1) be **DISMISSED** without prejudice; and

3. Plaintiff be granted leave to do the following no later than 21 days after the date the Court enters an order on this report and recommendation:

    a. File an amended complaint; and

    b. File a renewed application to proceed *in forma pauperis* or pay the filing fee in full.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by regular and certified mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 8, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy